UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   JUN 22 2012   ★

BROOKLYN OFFICE

AHARON ROCHMAN on behalf of himself and
all other similarly situated consumers

             Plaintiff,

      -against-

FORSTER AND GARBUS, LLP

             Defendant.

**12- 3151**

**KUNTZ, J.**

POLLAK, M.J

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Aharon Rochman seeks redress for the illegal practices of Forster and

      Garbus, LLP concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA,

      in that the alleged debt that Defendant sought to collect from Plaintiff is a

      consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Commack, New York.

-1-

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Aharon Rochman*

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about March 2, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.    Said letter contained a false name of an alleged creditor.

12.    15 U.S.C. § 1692e(10) provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

13.  Defendant used the March 2, 2012 letter to collect or attempt to collect, an alleged consumer debt from Plaintiff.

14.  The March 2, 2012, letter falsely represents "GRTSN2" to be the original creditor.

15.  Upon information and belief, there is no such entity by the name of "GRTSN2" in existence.

16.  GRTSN2 was not any time relevant to Plaintiff's creditor or original creditor.

17.  Defendant misrepresentation of "GRTSN2" as Plaintiff's creditor is particularly misleading in that no person or entity is registered to do business in New York State as "GRTSN2".

*See* Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (A collection letter that falsely listed the creditor under a different name states a claim for relief under section 15 USC 1692e(10). The court noted that if a letter falsely listed an unregistered entity that did not own Plaintiff's debt, or the letter listed a different creditor, the least sophisticated consumer could be confused as to which entity was the creditor. Thus, the Plaintiff had plausibly alleged a violation of section 15 USC 1692e(10).) See Russell v. Equifax A.R.S., 74 F.3d 30, 1996 U.S. App. LEXIS 1042 (2d Cir. N.Y. 1996) (concluding that a letter sent subsequent to a validation notice violated section 1692e where "it advance[d] a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law."); *See* also, Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005) (granting Plaintiff summary judgment in a 15 USC Section 1692g(a)(2) claim and

-3-

explaining that "[t]he least sophisticated consumer would not deduce from reading

the collection letter that the name of the creditor seeking collection is 'The Bureaus'

"); Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006

WL 1982499, at *4 (E.D.Wis. July 13, 2006) (denying motion to dismiss in 15

USC 1692g(a)(2) claim where Plaintiff alleged that Defendants listed "Target" as

the creditor rather than the full name of the creditor); Hepsen v. J.C. Christensen

and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5

(M.D.Fla. Sep. 22, 2009) (concluding that the Defendant violated 1692e(10) by

incorrectly listing the name of the current creditor); Pipiles v. Credit Bureau of

Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (because the collection notice was

reasonably susceptible to an inaccurate reading, it was deceptive within the

meaning of the Act); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)

(collection notices are deceptive if they are open to more than one reasonable

interpretation, at least one of which is inaccurate); Russell v. Equifax A.R.S., 74

F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be

reasonably read to have two or more different meanings, one of which is

inaccurate.

The fact that the notice's terminology was vague or uncertain will not prevent it

from being held deceptive under § 1692e(10) of the Act.) *See* Campuzano-

Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008) (The court

summarized the law of deception under the least sophisticated consumer standard:

A communication is deceptive for purposes of the Act if: ''it can be reasonably

-4-

read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011) (A communication that could be ''reasonably read to have two or more different meanings, one of which is inaccurate,'' is considered deceptive); Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we "construe . . . broadly, so as to affect its purpose; communications are to be analyzed under the least sophisticated debtor standard.  A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate"); Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008) (A debt collection letter ''is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'') Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006); (Court held that the FDCPA is a remedial, strict liability statute to be liberally construed.  Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer.  A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate); Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009) (Where Defendant sent the communication knowing that the contents could be ''deceptive'' because such communication could have ''two or more different meanings, one of which is inaccurate,'' the court denied Defendant's motion for summary judgment);

-5-

Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (EDPa. Aug. 11, 2009);

(Objective least sophisticated consumer standard applies. Thus, where there are

two possible meanings to a communication, one of which is inaccurate, the least-

sophisticated consumer could be misled or deceived by that inconsistency);

Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa.

2009); (A collection letter is deceptive if it can reasonably have two meanings, one

of which is inaccurate); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575

(E.D. Pa. Feb. 4, 2011) (A notice that could be "reasonably read to have two or

more different meanings, one of which is inaccurate"; Dutton v. Wolhar, 809 F.

Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning

the more subtle of the two interpretations" of a collection notice").

18.   Defendant violated 15 U.S.C. § 1692e(10) by falsely representing that "GRTSN2"

      was Plaintiff's creditor.

19.   The said March 2, 2012 collection letter communicates to the least sophisticated

      consumer that the communication came from a law firm in a practical sense

      violating 15 U.S.C. § 1692e(3).

20.   The FDCPA prohibits the use of any "false, deceptive, or misleading representation

      or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It

      enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul

      of this proscription, including "the false representation or implication that [a]

      communication is from an attorney." Id. § 1692e(3).

-6-

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) *See also*, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.);

*See also*, Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "law office" letterhead states a claim for relief under Section 1692e(3)".

21.   The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because although the letters were literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." *Id.* at 1320; accord, e.g., Avila, 84 F.3d at 229.

-7-

The same result is obtained here.

22.    Although Forster and Garbus, LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

23.    If Forster and Garbus, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. *See* e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). *See* e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009), ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved because this deceptively sends the message that the 'price of poker has gone up.") *See also* Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 USC § 1692e.

See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any

-8-

meaningful review, using a "law office" letterhead states a claim for relief under
Section 1692e(3)".)

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant*

24.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-24
        as if set forth fully in this cause of action.

25.     This cause of action is brought on behalf of Plaintiff and the members of two
        classes.

26.     Class A consists of all persons whom Defendant's records reflect resided in the
        State of New York and who were sent a collection letter by Forster and Garbus,
        LLP asserting a debt owed to "GRTSN2": (a) bearing the Defendant's letterhead in
        substantially the same form as the letters sent to the Plaintiff on or about March 2,
        2012; (b) the collection letter was sent to a consumer seeking payment of a
        personal debt; and (c) the collection letter was not returned by the postal service as
        undelivered, and (d) the Defendant violated the FDCPA, 15 U.S.C. § 1692e(10) by
        falsely representing that "GRTSN2" was the Plaintiff's creditor.

27.     Class B consists of all persons whom Defendant's records reflect resided in the
        State of New York and who received collection letters from Defendant's
        representatives within one year prior to the date of the within complaint up to the
        date of the filing of the complaint: (a) the collection letter(s) was sent to a
        consumer seeking payment of a consumer debt; and (b) that the collection letter(s)

used an attorney letterhead which represented that the letter was sent from a law firm in a practical sense; (c) the letter was sent seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (d)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

29.   A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  15 U.S.C. 1692(k).  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.   Collection letters, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

32.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

33.   Due to the Defendants violation of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

-11-

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       June 19, 2012

_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

_____
Hashim Rahman, Esq.
Principal Trial Counsel
165 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

_____
Maxim Maximov, Esq.
Hashim Rahman, Esq.

-12-

**FORSTER & GARBUS LLP**
**A NEW YORK LAW FIRM**

ANNETTE T. ALTMAN · Adm in NY Only
RONALD J. FERRARO · Adm in NY Only
MICHAEL J. FLORIO · Adm in NY Only
AMY GAVLIK · Adm in NY Only
TESS E. GUNTHER · Adm in NY & CT
EDWARD C. KLEIN · Adm in NY Only
KEVIN M. KNAB · Adm in NY Only
MICHAEL S. LEINOFF · Adm in NY Only
JAMES J. TIERNEY · Adm in NY Only

RONALD FORSTER · Adm. in NY Only
MARK A. GARBUS · Adm. in NY Only
EDWARD J. DAMSKY · Adm. in NY Only
GLENN S. GARBUS · Adm. in NY, NJ & CT
JOEL D. LEIDERMAN · Adm. in NY Only

PO Box 532
Fort Mill, SC 29716-0532
· A2814359991DWK ·

68 119 00019242 A
977750

**PERSONAL & CONFIDENTIAL**

March 2, 2012

BALANCE DUE as of March 2, 2012· $5,519.00
Reference Number ► A2814359991
Account Number ► 4621201021756981
Re ► PALISADES ACQUISITION XVI, LLC
AS PURCHASER OF AN ACCOUNT FROM ASSOCIATES BK
Original Creditor ► GRTSN2

1-631-393-9400
1-800-245-9943 Ext. 259
Representative Name: MS THOMAS
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

AHARON ROCHMAN
1214 48TH ST
BROOKLYN NY 11219-3009

Dear Aharon Rochman,

This office has been authorized to advise you that a settlement of the above account can be arranged. To take advantage of this savings opportunity, please contact this office. Do not delay --- call this office to take advantage of this terrific opportunity.

Please note that we are not obligated to repeat this opportunity.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Forster & Garbus LLP NYC Dept. of Consumer Affairs #1259596.

Office Location:  60 Motor Parkway
Commack, NY 11725-5710

· DETACH HERE ·

MAKE CHECK PAYABLE TO: **_FORSTER & GARBUS LLP as attorneys_** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, COMMACK, NY 11725-9030 IN ENCLOSED ENVELOPE

AHARON ROCHMAN
1214 48TH ST
BROOKLYN NY 11219-3009

BALANCE DUE as of March 2, 2012 ► $5,519.00
Reference Number ► A2814359991
Re ► PALISADES ACQUISITION XVI, LLC
AS PURCHASER OF AN ACCOUNT FROM ASSOCIATES BK
Rep. Code ► S3
Date ► March 2, 2012

➔  **Please Note Current**          **BEST TIME TO CALL**

Home Phone #

Work Phone #

Cell Phone #

A2814359991

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

FGW
F&GW.V4
577750